### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| SUNBELT RENTALS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  1:05-CV-01058-JEO |
| | ) |
| ANTONIO HICKS, | ) |
| | ) |
| Respondent. | ) |

### MEMORANDUM OPINION AND ORDER

This matter is before the court on the motion to remand filed by respondent Antonio Hicks ("Hicks" or the respondent). (Doc. 4). The motion is opposed by petitioner Sunbelt Rentals ("Sunbelt" or the petitioner). (Doc. 5). Upon consideration, the court finds that the motion is due to be denied.

### BACKGROUND

Sunbelt initiated this action in Calhoun County Circuit Court by seeking a determination of workers' compensation benefits concerning Hicks. Hicks filed a counterclaim for workers' compensation benefits and a claim for outrage. Circuit Judge John C. Thompson granted Sunbelt's motion to sever the workers' compensation claim from the outrage claim. Sunbelt timely removed the outrage claim to this court pursuant to 28 U.S.C. §§ 1332, 1441 & 1446. Hicks filed the motion to remand on June 20, 2005. (Doc. 4).

Sunbelt alleged in the original petition filed in the Circuit Court of Calhoun County that there is a dispute between the parties concerning whether Hicks's condition arose out of and in the course of his employment with Sunbelt. (Petition at ¶ 6). In his answer, Hicks alleges that he was injured while working within the line and scope of his employment and that his injuries arose out of and during his work. (Counterclaim - Count One). He also brings an outrage claim premised on

Sunbelt's purported denial of benefits and gross underestimation of his average weekly wages. (Counterclaim - Count Two).

Hicks has filed a motion to remand, asserting that because the outrage claim is "inextricably intertwined with the Alabama Worker's Compensation Act," it is non-removable as this Court lacks subject matter jurisdiction over the claim. In support of this assertion, Hicks cites 28 U.S.C. § 1445(c) and the opinion of Magistrate Judge Harwell G. Davis, III, in *James Bailey v. Renne Shinn*, CV 03-HGD-2032-J. (Doc. 4 at pp. 1-2). The defendant counters that the plaintiff's outrage claim does not arise under the worker's compensation laws of Alabama. (Doc. 5 at p. 2).

## STANDARD OF REVIEW

Because federal courts are courts of limited jurisdiction, the defendant carries the burden of showing the propriety of this court's removal jurisdiction. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996), *cert denied*, 520 U.S. 1162, 117 S. Ct. 1349, 137 L. Ed. 2d 506 (1997). Any ambiguities are to be construed against removal because the removal statute should be strictly construed in favor of remand. *Burns v. Windsor Ins. Co*., 31 F.2d 1092, 1095 (11th Cir. 1994); *see also University of South Alabama v. American Tobacco Co*., 168 F.3d 405, 411 (11th Cir. 1999) ("Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court.").

## DISCUSSION

Section 1445(c) provides that "a civil action in any State court arising under the workman's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). Accordingly, the relevant question is whether the plaintiff's outrage claim was properly removed after it was severed by the Circuit Judge from the worker's compensation claim.

Citing *Ehler v. St. Paul Fire and Marine Insurance Company*, 66 F.3d 771, 772-73 (5th

Cir. 1995), Sunbelt argues that in determining whether the claims arise under the Alabama worker's compensation laws, "the focus must be on the source of the right of action" and not the fact that the matter is premised on a worker's compensation action in the first instance.  (Doc. 5 at p. 3).

In *Ehler*, the plaintiff filed an action in state court to set aside a compromise settlement in a worker's compensation case on the ground that he signed the settlement after relying on purported misrepresentations from a representative of the defendant.  The insurer removed the case to federal court which denied the plaintiff's motion to remand the case.  On appeal, the plaintiff asserted that the lower court erred in denying his motion to remand because his "cause of action 'arises under' the Texas Workers' Compensation Act . . . and therefore removal to federal court was barred by 28 U.S.C. § 1445(c)."  *Id*., 66 F.3d at 772 (footnote omitted).  In affirming the court's denial of the motion to remand, the Fifth Circuit Court of Appeals stated as follows:

> In *Jones v. Roadway Express, Inc*., 931 F.2d 1086 (5th Cir. 1991), we defined "arising under" in § 1445(c) in the same manner as we have done in analyzing 28 U.S.C. § 1331; hence, for § 1445(c) purposes, we held that "a suit arises under the law that creates the cause of action."  931 F.2d at 1092.  Applying this definition to Ehler's suit to set aside his [settlement agreement] with St. Paul, we find that Texas common law, not the Texas Workers' Compensation Act, creates his cause of action.
>
> "That a workers' compensation law is a premise of the tort does not mean that the tort 'arises under' the workers' compensation laws. . . ."  *Spearman v. Exxon Coal USA, Inc*., 16 F.3d 722, 725 (7th Cir. 1994) (holding that retaliatory discharge claim did not arise under workers' compensation laws of Illinois). (footnote omitted).  Rather, the focus must be on the source of the right of action.  Ehler's suit to set aside a [settlement agreement] for fraud or misrepresentation is a common law action for rescission and cancellation of contract.  *See*, *e.g*., *Luerson v. Transamerica Ins. Co*., 550 S.W.2d 171, 173 (Tex. Civ. App.--Austin 1977, *writ ref'd n.r.e.*).  (footnote omitted).  While such an action may require interpretation of rights or benefits under the Texas Workers' Compensation Act, the Act itself does not provide for the specific right of action asserted by Ehler.  *Cf. Patin v. Allied Signal, Inc*., 865 F. Supp. 370, 373 (E.D. Tex. 1994) ("[T]he most that can be said about Plaintiff's breach of good faith and fair dealing claim is that it is *related to* his claim for workers' compensation.") (emphasis in original).  We conclude that Ehler's action to set aside his CSA with St. Paul arises under the Texas common law,

>    not the Texas Workers' Compensation Act, and therefore was removable under §
>    1445(c).

*Id.*, 66 F.3d at 772-73.

Hicks's tort claim of outrage in this case is a common law cause of action that does not "arise under" the Alabama Workers' Compensation Act. *See American Road Service Company v. Inmon*, 394 So. 2d 361, 365 (Ala. 1981) ("we now recognize that one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress and for bodily harm resulting from the distress"); *Raye v. Employer's Insurance of Wausau*, 345 F. Supp. 2d 1313, 1316 (S.D. Ala. 2004) ("'that a claim is 'related to' the worker's compensation laws does not establish that it arises under them"). Although the outrage claim relates to Hicks's workers' compensation claim, that is not sufficient to warrant a remand of the same to the state court.

To the extent that the plaintiff relies on Judge Davis's holding in *Bailey*, the court agrees with counsel for Sunbelt that *Bailey* is distinguishable. In *Bailey*, the plaintiff settled his workers' compensation case with the defendants. Thereafter, the defendants allegedly failed to authorize payment of certain of the plaintiff's medical expenses. The plaintiff brought a state court action for negligence/wantonness, negligent misrepresentation, reckless and intentional misrepresentation, suppression, unjust enrichment, negligent hiring and supervision, and outrage. After the action was removed to this court, the defendants moved to dismiss the claims asserting that some of the claims were barred by the exclusivity provisions of the Workers' Compensation Act. (Doc. 4, Ex. 1 at pp. 3-4). Judge Davis articulated the question as being "whether any or all of the plaintiff's claims are barred by this exclusivity provision." (*Id.* at p. 6). He determined that the claims involving

4

negligence were barred by Alabama Code § 25-5-52.[1] (*Id*. at p. 7). However, he further found that the claims for fraud, suppression, and outrage were not barred. Relying on 28 U.S.C. § 1447(c), Judge Davis held that the case was due to be remanded "because some of the plaintiff's claims must be brought within the context of Alabama's Workers' Compensation Act." (*Id*. at p. 8).

Because the outrage claim in this matter does not "arise out of" the workers' compensation claim, this court does not lack jurisdiction.

## CONCLUSION

Upon consideration the court finds that the motion to remand is due to be and hereby is **DENIED**.

**DONE,** this the 11th day of July, 2005.

_____
**JOHN E. OTT**
United States Magistrate Judge

---

[1] Section 25-5-52 provides in pertinent part:

> Except as provided in this chapter, no employee of any employer subject to this chapter, nor the personal representative, surviving spouse, or next of kin of the employee shall have a right to any other method, form, or amount of compensation or damages for an injury or death occasioned by an accident or occupational disease proximately resulting from and while engaged in the actual performance of the duties of his or her employment and from a cause originating in such employment or determination thereof.

ALA. CODE § 25-5-52.